UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rick Chaidez,<br><br>          Plaintiff,<br><br>     v.<br><br>Progressive Choice<br>Insurance Company and Does<br>1-50,<br><br>          Defendants. | CV 12-03753 RSWL (CFEx)<br><br>**ORDER Re: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT** [14] |

Currently before the Court is Defendant Progressive Choice Insurance Company's ("Defendant") Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment [14]. The Court, having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Defendant's Motion for Summary Judgment.

1

**I. BACKGROUND**

This Action stems from a Complaint filed by Plaintiff Rick Chaidez ("Plaintiff") against Defendant Progressive Choice Insurance Company ("Progressive" or "Defendant") for bad faith denial of insurance benefits [1]. The only cause of action that Plaintiff asserts against Defendant is bad faith denial of insurance benefits. Compl. ¶¶ 9-13. Plaintiff asserts that by denying the claim for his allegedly stolen vehicle ("Vehicle"), Defendant unreasonably and in bad faith denied benefits promised to Plaintiff under his insurance contract. Id. On March 20, 2013, Defendant filed the present Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [14]. Defendant's Motion is based on the contention that 1) Defendant did not improperly withhold policy benefits from Plaintiff because Plaintiff's intentional misrepresentation of material facts during Defendant's claim investigation voided his policy coverage, 2) Defendant did not act in bad faith because it made a diligent and reasonable investigation of Plaintiff's claim and denied said claim because of the advice of outside counsel and because of a genuine dispute over Defendant's coverage liability, and 3) Plaintiff is not entitled to punitive damages because he does not have clear and convincing evidence that Defendant denied his claim out of oppression, fraud, or malice.

///

2

## II. LEGAL STANDARD

**A. Summary Judgment**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1329 (9th Cir. 1983).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). A non-

1  moving party who has the burden of proof at trial must
2  present enough evidence that a "fair-minded jury could
3  return a verdict for the [non-moving party] on the
4  evidence presented."  <u>Anderson</u>, 477 U.S. at 255.
5      In ruling on a motion for summary judgment, the
6  Court's function is not to weigh the evidence, but only
7  to determine if a genuine issue of material fact
8  exists.  <u>Anderson</u>, 477 U.S. at 255.
9  **B.   <u>Partial Summary Judgment</u>**
10     Federal Rule of Civil Procedure 56(g) authorizes
11 courts to grant partial summary judgment in order to
12 limit the issues to be tried in a case.  <u>State Farm
13 Fire & Cas. Co. v. Geary</u>, 699 F. Supp. 756, 759 (N.D.
14 Cal. 1987) (citing <u>Lies v. Farrell Lines, Inc.</u>, 641
15 F.2d 765, 769 n.3 (9th Cir. 1981)).  Absent a specific
16 statute authorizing otherwise, a partial summary
17 judgment under Rule 56(g) is not a final judgment but
18 rather an interlocutory summary adjudication or a
19 pre-trial order, neither of which is appealable prior
20 to the entry of a final judgment in the case.  <u>Wynn v.
21 Reconstruction Fin. Corp.</u>, 212 F.2d 953, 956 (9th Cir.
22 1954).

                         **III. ANALYSIS**
24 **A.   <u>Plaintiff's Evidentiary Objections</u>**
25     Plaintiff objects to the use of purported hearsay
26 in (1) Defendant's claim file for Plaintiff, (2) the
27 reports of Progressive claims representative Lindsey
28 Munyer, which are included in the claim file, and (3)

                                4

Ms. Munyer's Declaration, to the extent that she testifies about statements made by Plaintiff, Ramses Garcia, and Kristina Gevorkyan. Id. at 8:8-11. With regard to the claim file and Ms. Munyer's reports included therein, Defendant has qualified the claim file and its contents as business records under the Federal Rule of Evidence 803(6) exception to hearsay. See Munyer Decl., ¶ 2. See also Weber v. Hartford Life & Accident Ins. Co., No. CIV 06-02779 PHX RCB, 2008 WL 3932014, at *4 (D. Ariz. Aug. 25, 2008). Accordingly, the Court **OVERRULES** Plaintiff's hearsay objection to the claim file and Ms. Munyer's reports included therein.

With regard to Plaintiff's hearsay objection to Ms. Munyer's Declaration, Plaintiff has provided insufficient support or explanation for this conclusory objection, having failed to even identify what particular statements are allegedly hearsay. Accordingly, the Court **OVERRULES** Plaintiff's objection to Ms. Munyer's Declaration. De Contreras v. City of Rialto, 894 F. Supp. 2d 1238, 1245 (C.D. Cal. 2012) ("Objections based on hearsay are particularly context-specific, and '[t]he Court is not inclined to comb through these documents, identify potential hearsay, and determine if any exception applies—all without guidance from the parties.'"). See also PNC Bank, N.A. v. Smith, No. 2:10-cv-1916-JAM-EFB PS, 2013 WL 164238, at *6 n.6 (E.D. Cal. Jan. 15, 2013).

**B.  Defendant's Evidentiary Objections**

Defendant makes twenty objections to Plaintiff's evidence submitted in opposition to this Motion [33]. The Court rules on Defendant's objections as follows:

- Objections 1, 2, 5, 7, 11, 14, and 19 are **OVERRULED**.
- Objections 3, 4, 8, 10, 12, 16, 17, and 18 are **SUSTAINED**.
- For Objection No. 6, Defendant's objections to paragraphs 8, 9(a), 9(b), 9(c), 9(e), and 10 of Mr. Brown's Declaration are **SUSTAINED**. Defendant's objection to paragraph 9(d) of Mr. Brown's Declaration is **OVERRULED**.
- For Objection No. 9, Defendant's hearsay objection is **SUSTAINED** to the extent Plaintiff's statement is offered for the truth of the documents' contents.
- For Objection No. 13, Defendant's objections to Plaintiff's statement about being asked to produce the same things to Defendant that he had already produced is **OVERRULED**. Defendant's relevance objections to Plaintiff's statements about the Progressive investigator's alleged hostility and Plaintiff's complaint to the investigator's supervisor are **SUSTAINED**.
- For Objection No. 15, Defendant's relevance objection to Plaintiff's statement that he complained to the California Department of Insurance is **SUSTAINED**. Additionally, Defendant's

1      argumentative and improper opinion objections to
2      Defendant's use of the word "vague" are **SUSTAINED**.
3      Defendant's objections to the remainder of
4      Plaintiff's statements are **OVERRULED**.
5  • For Objection No. 20, Defendant's speculation
6      objection to Plaintiff's statement that Defendant
7      thought Plaintiff was involved in two previous
8      insurance reports for vehicle theft is **SUSTAINED**.
9      As to Plaintiff's statement that he has never been
10     involved in vehicle theft recovery prior to this
11     claim, Defendant's objections are **OVERRULED**.

**C.   Motion for Summary Judgment**

    1.   Plaintiff's Bad Faith Claim

Under California law, every contract imposes upon each party to the contract an implied duty of good faith and fair dealing. Egan v. Mut. of Omaha Ins. Co. 24 Cal.3d 809, 818 (1979). Breach of the implied covenant of good faith and fair dealing "involves something beyond breach of the contractual duty itself" (Congleton v. Nat'l Union Fire Ins. Co., 189 Cal. App. 3d 51, 59 (1987)), and, thus, "breach of a specific provision of the contract is not a necessary prerequisite" for a claim of bad faith. Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 373 (1992). See also Kiefer v. Woolley, 210 F.3d 383, at *2 (9th Cir. 2000) (Westlaw); Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937-38 (9th Cir. 1999); Chateau Chamberay Homeowners Ass'n v. Associated

Intern. Ins. Co., 90 Cal. App. 4th 335, 346 (2001) ("[A]llegations which assert . . . a claim [of bad faith] must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities . . . by a conscious and deliberate act . . . ."). In order to establish breach of the implied covenant of good faith and fair dealing in the insurance context, a plaintiff must show that: "(1) benefits due under the policy [were] withheld; and (2) the reason for withholding benefits [was] unreasonable or without proper cause." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990). "While the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." Chateau Chamberay, 90 Cal. App. 4th at 346.

    It is undisputed that at the time of the Vehicle's theft, Plaintiff's insurance policy covered him for loss of the Vehicle. Thus, when Defendant denied Plaintiff's claim for such coverage, Defendant withheld from him benefits that were otherwise due under the policy. However, Defendant cannot be held liable for breach of the implied covenant of good faith and fair dealing as a result of such conduct if Defendant's withholding of benefits was "reasonable" under the

circumstances. <u>Opdal v. United Services Auto. Ass'n.</u>, 2 Cal. App. 4th 1197, 1205 (1991) ("[T]he ultimate test of [bad faith] liability . . . is whether the refusal to pay policy benefits was *unreasonable*." (emphasis and alterations in original)). Defendant posits three reasons for why its denial of Plaintiff's claim was reasonable: 1) Plaintiff's policy was voided by material misrepresentations he made during the claim investigation process; 2) in denying Plaintiff's claim, Defendant relied on the advice of competent counsel; and 3) there was a genuine dispute as to Defendant's liability for coverage.

      a.  *Plaintiff's "Misrepresentations"*

Plaintiff's policy permitted Defendant to "deny coverage for . . . loss if [Plaintiff] . . . concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim." Munyer Decl., Ex. B, p. 28. Although Plaintiff and his counsel both claim that Plaintiff never received a copy of his policy, Plaintiff does not dispute that this "Fraud or Misrepresentation" provision was actually included in the policy itself. Similarly to the "Fraud or Misrepresentation" provision in Plaintiff's policy, California law permits an insurer to void a policy if the insured intentionally conceals or misrepresents a material fact in connection with a claim for insurance benefits. <u>Cummings v. Fire Ins. Exch.</u>, 202 Cal. App.

3d 1407, 1415-19, n.7 (1988). See also <u>Slojewski v. Allstate Ins. Co.</u>, No. 11-CV-03614 PJH NC, 2013 WL 1117142, at *3 (N.D. Cal. Mar. 18, 2013); <u>Winding v. Allstate Ins. Co.</u>, No. 2:09-CV-03526 KJM, 2011 WL 5241274, at *16 (E.D. Cal. Nov. 1, 2011), <u>report & recommendation adopted in part</u>, No. CIV-S-09-3526-KJM, 2012 WL 761710 (E.D. Cal. Mar. 8, 2012), <u>leave to appeal denied</u>, No. CIV S-09-03526 KJM, 2012 WL 1565674 (E.D. Cal. May 2, 2012).

    The Court need not determine whether Plaintiff did, in fact, conceal or misrepresent a fact in connection with the presentation of his claim, for that is not at issue here. See <u>Chateau Chamberay</u>, 90 Cal. App. 4th at 350 ("We are not called upon to determine whether [defendant's] view as to the proper outcome of the adjustment process was correct. It is only necessary for us to determine that, *in light of the record as a whole*, its position with respect to the disputed points was *reasonable* or that [defendant] had *proper cause* to assert the positions that it did." (emphasis in original)). The only point at issue here is whether, based on the circumstances as they were when Defendant denied Plaintiff's claim, Defendant reasonably withheld benefits from Plaintiff on the theory that he had concealed or misrepresented material facts in connection with his claim.

    As an initial matter, the Court considers whether Defendant thoroughly investigated Plaintiff's claim

prior to denying it, for if an insurer does not fully inquire into the bases of an insured's claim before denying it, the insurer cannot be found to have denied benefits to the insured reasonably and in good faith. Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1073-74 (2007). It is undisputed that from September 2009 through March 2010, Defendant went through considerable lengths investigating Plaintiff's claim. Among other things, Defendant took recorded and in-person statements from both Plaintiff and his cousin; reviewed documents and other supporting evidence provided by Plaintiff; conducted outside research as to the Vehicle's value and title and Plaintiff's credit; referred Plaintiff's claim to Progressive's Special Investigations Unit; located and interviewed the Vehicle's prior owner; and hired outside counsel to conduct an examination under oath ("EUO") with Plaintiff. See generally Mot. Part 3.B. Furthermore, there is substantial and unrebutted evidence that during the investigation, Plaintiff made multiple inconsistent representations to Defendant regarding the Vehicle, such as when and where he purchased it and for how much. Although Plaintiff has since tried to explain away some of these inconsistencies, "the reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made . . . [not] in light of subsequent events which may provide evidence of the insurer's errors." Chateau

<u>Chamberay</u>, 90 Cal. App. 4th at 347.

Based on the evidence before the Court, only one inference can be drawn: At the time that Defendant denied Plaintiff's claim, Defendant had a reasonable and legitimate basis for believing that Plaintiff was concealing or misrepresenting material facts in connection with his claim.  Thus, in light of the circumstances as they were at the time coverage was denied, the Court finds that Defendant reasonably denied Plaintiff coverage and withheld from him the requested benefits pursuant to his policy's "Fraud and Misrepresentation" provision.  <u>See</u> <u>Carma</u>, 2 Cal.4th at 374 ("[N]o reported case . . . has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement.").  The Court concludes as a matter of law that Defendant's denial of benefits was reasonable in this case because a reasonable juror would not find otherwise.

      b.   *Defendant's Reliance on the Advice of Counsel*

In determining whether an insurer's denial of benefits is reasonable, a court may also consider whether the insurance company relied on the advice of counsel.  <u>Cial Giuseppe, Inc. v. Reliance Ins. Co.</u>, 74 F.3d 1245, at *2 (9th Cir. 1996) (Westlaw) (citing <u>State Farm Mut. Auto Ins. Co. v. Superior Court</u>, 228 Cal. App. 3d 721, 725-26 (1991)).  However, reliance on counsel does not automatically insulate an insurer from

a bad faith claim.

> In assessing whether reliance on the advice of counsel precludes bad faith liability, courts consider such facts as whether the insurer acted in good faith . . . in a manner necessary to protect its interests, whether the insurer knew the legal standard involved such that it knew the advice of counsel was erroneous, and whether the insurer made a full disclosure of all relevant facts to counsel in seeking his or her advice.

Andrade v. Infinity Ins. Co., No. EDCV0801060-SGL(OPX), 2009 WL 3427928, at *2 (C.D. Cal. Sept. 14, 2009).

Having reviewed attorney Marvin Straus's recommendation letter to Defendant, upon which Defendant relied in denying Plaintiff's claim, it is clear that Mr. Straus considered the relevant, undisputed facts of the claim investigation—including the representations Plaintiff made in his recorded and in-person statements and in the EUO—and concluded, not unreasonably, that Plaintiff misrepresented material facts pertaining to the acquisition of the Vehicle. See generally Brown Decl., Ex. 2.  Because Plaintiff's policy entitled Defendant to deny coverage if material facts were concealed or misrepresented during the claims process, the undisputed facts reveal that Defendant's reliance on counsel's advice to deny Plaintiff's claim was reasonable.  Therefore, Defendant

is precluded from bad faith liability.  See Andrade, 2009 WL 3427928, at *3.

### c. *"Genuine Dispute" Between the Parties*

An insurer's denial of benefits may also be deemed reasonable as a matter of law when benefits were withheld because of the insurer's "genuine dispute with its insured as to the existence of coverage liability . . . ." Chateau Chamberay, 90 Cal. App. 4th at 347 (citing Fraley v. Allstate Ins. Co., 81 Cal. App. 4th 1282, 1292 (2000)).  "Thus, an insurer is entitled to summary judgment based on a genuine dispute over coverage . . . only where the summary judgment record demonstrates the absence of triable issues as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith." Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 724 (2007) (internal citation omitted).

As previously discussed, Defendant's denial of Plaintiff's claim was reasonable under the circumstances, even if in hindsight such conduct could be found to be a mistake, bad judgment, or negligent. See Chateau Chamberay, 90 Cal. App. 4th at 347.  In light of the various inconsistencies Plaintiff made to Defendant while presenting his claim, the "Fraud and Misrepresentation" provision in Plaintiff's policy, and Mr. Straus's advice that Plaintiff's claim be denied, the basis for Defendant's denial of benefits was reasonable.  Given the Court's findings as such,

Defendant is entitled to judgment as a matter of law under the genuine issue rule. Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161-62 (9th Cir. 2002) (holding that under the genuine issue rule, an insurer is entitled to judgment as a matter of law where the basis for the insurer's denial of benefits is reasonable, for "a bad faith claim can succeed only if the insurer's conduct was unreasonable").

        2.   Plaintiff's Demand for Punitive Damages

"In order to establish that an insurer's conduct has gone sufficiently beyond mere bad faith to warrant a punitive award, it must be shown by *clear and convincing evidence* that the insurer has acted maliciously, oppressively or fraudulently." Mock v. Mich. Millers Mut. Ins. Co., 4 Cal. App. 4th 306, 328 (1992) (emphasis in original). Here, because Defendant is entitled to summary adjudication on Plaintiff's bad faith claim, which is Plaintiff's one and only claim, Defendant, as a matter of law, cannot be found to have engaged in malicious, oppressive, or fraudulent conduct. See Herbert v. State Farm Mut. Auto Ins. Co., No. C 06-05532 SBA, 2008 WL 425941, at *9 (N.D. Cal. Feb. 14, 2008), aff'd 362 Fed. Appx. 748 (9th Cir. 2010); Osajindu v. Allstate Ins. Co., No. C984093SI, 2000 WL 342674, at *10 (N.D. Cal. Mar. 27, 2000); Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1470-71 (2011). Additionally, Plaintiff has presented no evidence showing that Defendant acted out

of malice, oppression, or fraud. Accordingly, Defendant is entitled to summary adjudication on Plaintiff's claim for punitive damages.

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment. Plaintiff's claim for bad faith denial of benefits cannot withstand summary adjudication because no reasonable juror would find that Defendant's denial of Plaintiff's claim and its withholding of benefits was unreasonable under the circumstances. Moreover, Plaintiff's demand for punitive damages is summarily adjudicated because he has presented no evidence demonstrating that Defendant acted out of malice, oppression, or fraud, and, in any event, summary adjudication of Plaintiff's bad faith claim entitles Defendant to judgment as a matter of law on his claim for punitive damages.

**IT IS SO ORDERED.**

DATED: May 9, 2013

*RONALD S.W. LEW*
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge