UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rich Chaidez,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Progressive Choice<br>Insurance Company and Does<br>1-50,<br><br>　　　　Defendants. | CV 12-03753 RSWL (CFEx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW Re: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT [14]** |

　　　After consideration of all the papers and arguments submitted pursuant to Defendant Progressive Choice Insurance Company's ("Defendant") Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [14], the Court makes the following findings of fact and conclusions of law.

### UNCONTROVERTED FACTS

　　　1. Defendant issued a policy of insurance to

1

Plaintiff Rick Chaidez ("Plaintiff") for the policy period beginning August 4, 2009, and ending February 4, 2010, covering a 2002 Cadillac Escalade ("Vehicle"). Munyer Decl., ¶¶ 1, 2, 4.

2. The policy issued to Plaintiff included a "Fraud or Misrepresentation" provision, which stated that "[Defendant] may deny coverage for an accident or loss if you or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim." Id. ¶¶ 4, 5, & Ex. B.

3. Plaintiff presented a claim to Defendant on or about September 23, 2009, in which Plaintiff claimed that the Vehicle was stolen. Id. at ¶ 6.

4. Defendant's investigation of Plaintiff's claim, which took place from September 2009 through March 2010, included, *inter alia*, taking recorded and in-person statements from both Plaintiff and his cousin; reviewing documents and other supporting evidence provided by Plaintiff; conducting outside research as to the Vehicle's value and title and Plaintiff's credit; referring Plaintiff's claim to Progressive's Special Investigations Unit; interviewing the Vehicle's prior owner; and hiring outside counsel, Marvin Straus, to conduct an examination under oath with Plaintiff. Id. ¶¶ 6-49; Azrael Decl. Ex. C ("Claim File").

5. During the claim investigation, Plaintiff made

multiple inconsistent representations to Defendant regarding the Vehicle, such as when and where he purchased it and for how much. See generally Claim File.

6. On March 3, 2010, Mr. Straus sent Progressive Claims Representative Lindsey Munyer a letter recommending that Defendant deny Plaintiff's claim because Plaintiff had "misrepresented material facts during the presentation of the claim." Brown Decl., Ex. 2, p. 6.

7. Ms. Munyer called Plaintiff on March 16, 2010, and informed him that Defendant was denying his claim. Munyer Decl. ¶ 46.

8. Ms. Munyer also sent Plaintiff a letter on March 25, 2010, explaining that Defendant was denying Plaintiff's claim because it appeared that Plaintiff had provided Defendant with an altered version of the Vehicle's original bill of sale and "knowingly misrepresented material facts associated with [his claim of] loss," including the date that he purchased the Vehicle, the amount he paid for it, the condition of the Vehicle at the time of loss, and the prior loss history of Plaintiff's household. Id.; Claim File, p. 1026.

## **CONCLUSIONS OF LAW**

1. In order to establish a breach of the implied covenant of good faith and fair dealing in the insurance context, a plaintiff must show that: "(1)

benefits due under the policy [were] withheld; and (2) the reason for withholding benefits [was] unreasonable or without proper cause." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990).

2. "While the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co., 90 Cal. App. 4th 335, 346 (2001).

3. Although Defendant withheld from Plaintiff benefits that were otherwise due to him under the insurance policy, Defendant cannot be held liable for breach of the implied covenant of good faith and fair dealing as a result of such conduct if Defendant's withholding of benefits was "reasonable" under the circumstances. See Opdal v. United Services Auto. Ass'n., 2 Cal. App. 4th 1197, 1205 (1991).

4. There is substantial and rebutted evidence that during Defendant's claim investigation, Plaintiff made multiple inconsistent representations to Defendant regarding the Vehicle, such as when and where he purchased it and for how much, and although Plaintiff has since tried to explain away some of these inconsistencies, "the reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made . . . [not] in light of subsequent

events which may provide evidence of the insurer's errors." Chateau Chamberay, 90 Cal. App. 4th at 347.

5. Based on the evidence before the Court, only one inference can be drawn as to the reasonableness of Defendant's conduct: At the time that Defendant denied Plaintiff's claim, Defendant had a reasonable and legitimate basis for believing that Plaintiff was concealing or misrepresenting material facts in connection with his claim.

6. In light of the circumstances as they were at the time coverage was denied, Defendant's denial of coverage and withholding of requested benefits from Plaintiff pursuant to his policy's "Fraud and Misrepresentation" provision was reasonable as a matter of law, for no reasonable juror would find otherwise.

7. In determining whether an insurer's denial of benefits is reasonable, a court may also consider whether the insurance company relied on the advice of counsel. Cial Giuseppe, Inc. v. Reliance Ins. Co., 74 F.3d 1245, at *2 (9th Cir. 1996) (Westlaw).

8. Having reviewed Mr. Straus's recommendation letter to Defendant, upon which Defendant relied in denying Plaintiff's claim, it is clear that Mr. Straus considered the relevant, undisputed facts of the claim investigation and concluded, not unreasonably, that Plaintiff misrepresented material facts pertaining to the acquisition of the Vehicle. See generally Brown Decl., Ex. 2.

9. Because Plaintiff's policy entitled Defendant to deny coverage if material facts were concealed or misrepresented during the claims process, Defendant's reliance on counsel's advice to deny Plaintiff's claim was reasonable, thereby precluding Defendant from bad faith liability. See Andrade v. Infinity Ins. Co., No. EDCV0801060-SGL(OPX), 2009 WL 3427928, at *3 (C.D. Cal. Sept. 14, 2009).

10. An insurer's denial of benefits may also be deemed reasonable as a matter of law when benefits were withheld because of the insurer's "genuine dispute with its insured as to the existence of coverage liability . . . ." Chateau Chamberay, 90 Cal. App. 4th at 347.

11. In light of the various inconsistencies Plaintiff made to Defendant while presenting his claim, the "Fraud and Misrepresentation" provision in Plaintiff's policy, and Mr. Straus's advice that Plaintiff's claim be denied, the basis for Defendant's denial of benefits was reasonable, which entitles Defendant to judgment as a matter of law under the genuine dispute rule. Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161-62 (9th Cir. 2002).

12. "In order to establish that an insurer's conduct has gone sufficiently beyond mere bad faith to warrant a punitive award, it must be shown by *clear and convincing evidence* that the insurer has acted maliciously, oppressively or fraudulently." Mock v. Mich. Millers Mut. Ins. Co., 4 Cal. App. 4th 306, 328

(1992) (emphasis in original).

13. Because Defendant is entitled to summary adjudication on Plaintiff's bad faith claim, which is Plaintiff's one and only claim, Defendant, as a matter of law, cannot be found to have engaged in malicious, oppressive, or fraudulent conduct. See Herbert v. State Farm Mut. Auto Ins. Co., No. C 06-05532 SBA, 2008 WL 425491, at *9 (N.D. Cal. Feb. 14, 2008), aff'd 362 Fed. Appx. 748 (9th Cir. 2010).

14. Additionally, Defendant is entitled to summary adjudication on Plaintiff's claim for punitive damages because Plaintiff has presented no evidence showing that Defendant acted out of malice, oppression, or fraud.

15. Based on the foregoing, Defendant is entitled to summary judgment on Plaintiff's claim for bad faith denial of benefits and on Plaintiff's demand for punitive damages.

**IT IS SO ORDERED.**

DATED: May 9, 2013

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge